```
              UNITED STATES DISTRICT COURT
              WESTERN DISTRICT OF ARKANSAS
                  FAYETTEVILLE DIVISION
```

UNITED STATES OF AMERICA                                    PLAINTIFF

    v.              CASE NO. 12-50064

PHILLIP D. DONALD                                           DEFENDANT

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

On September 6, 2012, the Court entered an order granting Defendant's Motion to Determine Competency (Docs. 2, 8.) In a psychological evaluation report dated November 16, 2012, Dr. Lisa Bellah, a licensed psychologist with the Federal Correctional Institution ("FCI") in Fort Worth, Texas, opined that the Defendant "does not appear to suffer from a mental disease or defect rendering him unable to understand the nature and consequences of the proceedings against him or to properly assist in his defense." (Doc. 17 at pg. 15.)

At the Defendant's arraignment on November 27, 2012, the Court inquired whether the Government or the defense had any objection to the report. The Government and defense counsel expressed no objection to Dr. Bellah's competency finding.[1] Based upon Dr. Bellah's uncontested evaluation, the Court finds that the

---

[1] The undersigned was advised that the Defendant had been returned to this District from the FCI in Fort Worth, yet the Court had not received the evaluation report. A member of the Court's staff, therefore, contacted the FCI to inquire about the report, and an unsigned copy was then forwarded by e-mail to the Court staff member, with an explanation that a signed copy would be provided once the warden of the FCI had a chance to review the report. So as to not delay the Defendant's arraignment, the Court provided counsel for the defense and the Government a copy of the unsigned report. The signed report has now been received by the Court and forwarded to counsel, who both advised the Court that they agree the signed report is identical to the unsigned report and they have no objection to either report.

Defendant is competent to proceed in this matter, as he appears to have sufficient ability to consult with his lawyer with a reasonable degree of understanding and to possess a rational as well as factual understanding of the proceedings against him. See Dusky v. United States, 362 U.S. 402, 402 (1960); United States v. Ghane, 490 F.3d 1036, 1040-41 (8th Cir. 2007).

**The parties have fourteen days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

IT IS SO ORDERED this 28th day of November, 2012.

/s/ *Erin L. Setser*
    HON. ERIN L. SETSER
    UNITED STATES MAGISTRATE JUDGE